Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Latosha Dewaun Mathis** |
| | First Name      Middle Name      Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name      Middle Name      Last Name |

United States Bankruptcy Court for the **NORTHERN DISTRICT OF GEORGIA**

Case number: **20-70035**
(If known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.

# Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.

| Part 1: | Notices |
|---|---|

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.*

| § 1.1 | **A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2** | ☐ Included | ☑ Not Included |
|---|---|---|---|
| § 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4** | ☐ Included | ☑ Not Included |
| § 1.3 | **Nonstandard provisions, set out in Part 8.** | ☐ Included | ☑ Not Included |
| § 1.4 | **The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.** | ☐ Included | ☑ Not Included |

| Part 2: | Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims |
|---|---|

**§ 2.1    Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

| Debtor | Latosha Dewaun Mathis | Case number | 20-70035 |

*Check one:* ☑ 36 months ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay **$185.00** per month for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☑ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

| Beginning on *(insert date)*: | The Regular Payment amount will change to *(insert amount)*: | For the following reason *(insert reason for change)*: |
|---|---|---|
| **March 2023** | **$739.00 per month** | **End of retirement loan** |
| | | |

### § 2.2  Regular Payments; method of payment.

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply:*

☐ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☑ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment):

### § 2.3  Income tax refunds.

*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☑ Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years **2020-2022**, the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

### § 2.4  Additional Payments.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

### § 2.5  [Intentionally omitted.]

### § 2.6  Disbursement of funds by trustee to holders of allowed claims.

**The trustee shall disburse funds in accordance with General Order No. 41-2020. (www.ganb.uscourts.gov/local-rules-and-orders)**

## Part 3:  Treatment of Secured Claims

### § 3.1  Maintenance of payments and cure of default, if any.

| Debtor | Latosha Dewaun Mathis | Case number | 20-70035 |
|---|---|---|---|

*Check one.*

- ☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
- ☑ Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s). Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| SN Servicing Corp. | 2623 Memory Lane Douglasville, GA 30135 Douglas County | $0.00 | 0.00% | $0.00 |

**§ 3.2    Request for valuation of security and modification of certain undersecured claims.**

- ☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**§ 3.3    Secured claims to be paid in full.**

*Check one.*

- ☑ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**§ 3.4    Lien avoidance.**

*Check one.*

- ☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**§ 3.5    Surrender of collateral.**

*Check one.*

- ☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**§ 3.6    Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of __3.25__ %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

| Debtor | **Latosha Dewaun Mathis** | Case number | **20-70035** |
|---|---|---|---|

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

### Part 4: Treatment of Fees and Priority Claims

**§ 4.1  General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

**§ 4.2  Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**§ 4.3  Attorney's fees.**

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $__3,000.00__. The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a)

(d) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $__100.00__ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fees Order until all allowed amounts are paid in full.

(e) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $__2,500.00__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $__2,500.00__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney

(g) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

**§ 4.4  Priority claims other than attorney's fees.**

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐ The debtor(s) has/have domestic support obligations as set forth below. The debtor(s) is/are required to pay all post-petition domestic support obligations directly to the holder of the claim.

| Name and address of creditor | Name and address of child support enforcement agency entitled to § 1302(d)(1) notice | Estimated amount of claim | Monthly plan payment |
|---|---|---|---|
| -NONE- | | $ | $ |

☑ The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| Debtor | **Latosha Dewaun Mathis** | Case number | **20-70035** |
|---|---|---|---|

| Name of creditor | Estimated amount of claim |
|---|---|
| **Georgia Department of Revenue** | $**0.00** |
| **IRS Insolvency Unit** | $**700.00** |

**Part 5:    Treatment of Nonpriority Unsecured Claims**

**§ 5.1    Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☑ A pro rata portion of the larger of (1) the sum of $__**6,500.00**__ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) ____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3    Other separately classified nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

**Part 6:    Executory Contracts and Unexpired Leases**

**§ 6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**Part 7:    Vesting of Property of the Estate**

**§ 7.1    Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).**

**Part 8:    Nonstandard Plan Provisions**

**§ 8.1    Check "None" or List Nonstandard Plan Provisions.**

☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Debtor    **Latosha Dewaun Mathis**    Case number    **20-70035**

| Part 9: | **Signatures:** |

**§ 9.1    Signatures of Debtor(s) and Attorney for Debtor(s).**

The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below. The attorney for the debtor(s), if any, must sign below.

X    **/s/ Latosha Dewaun Mathis**                                  X
    **Latosha Dewaun Mathis**                                             Signature of debtor 2 executed on
    Signature of debtor 1 executed on    **February 10, 2021**

    **2623 Memory Lane**
    **Douglasville, GA 30135**
    Address    City, State, ZIP code                                  Address    City, State, ZIP code

X    **/s/ Christopher J. Sleeper**                                  Date:    **February 10, 2021**
    **Christopher J. Sleeper 700884**
    Signature of attorney for debtor(s)

    **Jeff Field & Associates**                                         **342 North Clarendon Ave.**
                                                                           **Scottdale, GA 30079**
    Firm                                                                Address    City, State, ZIP code

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| | |
| LATOSHA DEWAUN MATHIS, | CHAPTER 7 |
| | |
| DEBTOR | CASE NO. 20-70035-JWC |

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and exact copy of the foregoing Chapter 13 Plan to the following:

S. Gregory Hays, Chapter 13 Trustee          *Electronically*

Latosha Dewaun Mathis
2623 Memory Lane
Douglasville, GA 30135

All Creditors On The
Attached Mailing Matrix

by electronic service upon filing with the Court or by placing a copy of same in a properly addressed envelope with sufficient postage affixed thereon to insure delivery and depositing same in the United States Mail.

Dated: February 18, 2021

Respectfully Submitted,
JEFF FIELD & ASSOCIATES

/s/ Christopher J. Sleeper

342 North Clarendon Avenue         _____
Scottdale, GA 30079                CHRISTOPHER J. SLEEPER
404-499- 2700                      Attorney for Debtor
contactus@fieldlawoffice.com       State Bar No. 700884

```
Label Matrix for local noticing          Amex                                      Amex/Bankruptcy
113E-1                                   Correspondence/Bankruptcy                 Correspondence/Bankruptcy
Case 20-70035-jwc                        Po Box 981540                             Po Box 981540
Northern District of Georgia             El Paso, TX 79998-1540                    El Paso, TX 79998-1540
Atlanta
Thu Feb 18 12:23:06 EST 2021

Barclays Bank Delaware                   Capital One                               Capital One
P.o. Box 8803                            Attn: Bankruptcy                          Po Box 30281
Wilmington, DE 19899-8803                Po Box 30285                              Salt Lake City, UT 84130-0281
                                         Salt Lake City, UT 84130-0285


Citibank/The Home Depot                  Comenity Bank/Lane Bryant                 Credit First National Association
Citicorp Credit Srvs/Centralized Bk dept Attn: Bankruptcy                          Attn: Bankruptcy
Po Box 790034                            Po Box 182125                             Po Box 81315
St Louis, MO 63179-0034                  Columbus, OH 43218-2125                   Cleveland, OH 44181-0315


Credit One Bank                          (p)DISCOVER FINANCIAL SERVICES LLC        R. Jeffrey Field
Attn: Bankruptcy Department              PO BOX 3025                               Jeffrey Field & Associates
Po Box 98873                             NEW ALBANY OH 43054-3025                  342 North Clarendon Avenue
Las Vegas, NV 89193-8873                                                           Scottdale, GA 30079-1320


First Nataional Bank/Legacy              Fnb Omaha                                 (p)GEORGIA DEPARTMENT OF REVENUE
Attn: Bankruptcy                         Attn: Bankruptcy                          COMPLIANCE DIVISION
Po Box 5097                              Po Box 2490                               ARCS BANKRUPTCY
Sioux Falls, SD 57117-5097               Omaha, NE 68103-2490                      1800 CENTURY BLVD NE SUITE 9100
                                                                                   ATLANTA GA 30345-3202


Hsbc Bank                                IRS Insolvency Unit                       Kohls/Capital One
Attn: Bankruptcy                         401 W. Peachtree St., NW                  Attn: Credit Administrator
Po Box 2013                              Room 400, Stop 334-D                      Po Box 3043
Buffalo, NY 14240-2013                   Atlanta, GA 30308                         Milwaukee, WI 53201-3043


Marcus by Goldman Sachs                  Medical Data Systems (MDS)                Nordstrom FSB
Attn: Bankruptcy                         Attn: Bankruptcy Dept                     Attn: Bankruptcy
Po Box 45400                             2001 9th Ave Ste 312                      Po Box 6555
Salt Lake City, UT 84145-0400            Vero Beach, FL 32960-6413                 Englewood, CO 80155-6555


Office of the United States Trustee      PRA Receivables Management, LLC           (p)SN SERVICING CORPORATION
362 Richard Russell Building             PO Box 41021                              323 FIFTH ST
75 Ted Turner Drive, SW                  Norfolk, VA 23541-1021                    EUREKA CA 95501-0305
Atlanta, GA 30303-3315


Syncb/PPC                                Syncb/Pandora                             Synchrony Bank
Attn: Bankruptcy                         Attn: Bankruptcy                          Attn:  Bankruptcy Dept
Po Box 965060                            Po Box 965060                             Po Box 965060
Orlando, FL 32896-5060                   Orlando, FL 32896-5060                    Orlando, FL 32896-5060


Synchrony Bank/ JC Penneys               Synchrony Bank/ Old Navy                  Synchrony Bank/Amazon
Attn: Bankruptcy                         Attn:  Bankruptcy                         Attn:  Bankruptcy
Po Box 965064                            Po Box 965060                             Po Box 965060
Orlando, FL 32896-5064                   Orlando, FL 32896-5060                    Orlando, FL 32896-5060
```

```
Synchrony Bank/Gap                  Synchrony Bank/Lowes                Synchrony Bank/TJX
Attn:  Bankruptcy Dept              Attn:  Bankruptcy                   Attn:  Bankruptcy
Po Box 965060                       Po Box 965060                       Po Box 965064
Orlando, FL 32896-5060              Orlando, FL 32896-5060              Orlando, FL 32896-5064


Target                              United States Attorney              Wells Fargo Bank NA
c/o Financial & Retail Srvs         Northern District of Georgia        Attn: Bankruptcy
Mailstop BT POB 9475                75 Ted Turner Drive SW, Suite 600   1 Home Campus Mac X2303-01a
Minneapolis, MN 55440-9475          Atlanta GA 30303-3309               Des Moines, IA 50328-0001


Wells Fargo Bank NA
Po Box 14517
Des Moines, IA 50306-3517
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Discover Financial                  Georgia Department of Revenue       SN Servicing Corp.
Pob 15316                           Compliance Division                 323 Fifth Street
Wilmington, DE 19850                1800 Century Blvd., NE, S9100       Eureka, CA 95501
                                    Atlanta, GA 30345
```

End of Label Matrix
Mailable recipients    36
Bypassed recipients     0
Total                  36